IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY ALLEN BURTON,

    Plaintiff,                    No. 2:10-cv-1382 LKK JFM (PC)

    vs.

KATHLEEN DICKINSON, et al.,      ORDER AND

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson

1  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn
2  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this
3  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
4  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416
5  U.S. 232, 236 (1974).

6       Plaintiff names as defendants Kathleen Dickinson, the Warden of California
7  Medical Facility, the Medical Staff of the California Department of Corrections and
8  Rehabilitation, and Parole and Community Services Personnel.  Plaintiff alleges that in 1995 he
9  "was to have been paroled to a board and care facility, have the parole agent coordinate pick-up"
10 and "be given a thirty day supply of psychotropic medications, with parole outpatient clinic
11 referral."  Complaint, filed June 4, 2010, at 3.  Plaintiff further alleges that none of that
12 happened, that he reoffended fifteen days after he was released, and that he been incarcerated
13 since.  He asks that "all the parties that had any thing to do with the above be held responsible for
14 [his] reincarceration as [he] was gravely disabled at the time of [his] release and subsequent
15 arrest."  Id.  Plaintiff seeks nominal, compensatory and punitive damages.

16       In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held
17 that a suit for damages on a civil rights claim concerning an allegedly unconstitutional
18 conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence
19 has been reversed on direct appeal, expunged by executive order, declared invalid by a state
20 tribunal authorized to make such determination, or called into question by a federal court's
21 issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.

22       Under Heck, the court is required to determine whether a judgment in plaintiff's
23 favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the
24 complaint must be dismissed unless the plaintiff can show that the conviction or sentence has
25 been invalidated.  This court finds that plaintiff's action implicates the validity of plaintiff's
26 conviction, and that plaintiff has not shown that the conviction has been invalidated.

1 Accordingly, this action must be dismissed without prejudice. See Heck v. Humphrey, 512 U.S.
2 at 486-87.

3       Plaintiff has moved for the appointment of counsel. The United States Supreme
4 Court has ruled that district courts lack authority to require counsel to represent indigent
5 prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In
6 certain exceptional circumstances, the court may request the voluntary assistance of counsel
7 pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
8 Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court
9 does not find the required exceptional circumstances. Plaintiff's motion request for the
10 appointment of counsel will therefore be denied.

11       In accordance with the above, IT IS HEREBY ORDERED that:

12       1. Plaintiff's request for leave to proceed in forma pauperis is granted.

13       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
14 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
15 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
16 Director of the California Department of Corrections and Rehabilitation filed concurrently
17 herewith.

18       3. Plaintiff's June 4, 2010 motion for appointment of counsel is denied; and
19       IT IS HEREBY RECOMMENDED that this action be dismissed without
20 prejudice.

21       These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
23 days after being served with these findings and recommendations, plaintiff may file written
24 objections with the court. The document should be captioned "Objections to Magistrate Judge's
25 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
26 /////

1  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: June 16, 2010.

```
                        _____
                        UNITED STATES MAGISTRATE JUDGE
```

12
burt1382.56